UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:     CASE NO.

**TORRANCE TREMAYNE GREEN**     **12-11706**

DEBTOR     SECTION A
    CHAPTER 13

## REASONS FOR DECISION

This matter came before the Court on the Motion for New Trial filed by Riverbend Condominium Association, Inc. ("Riverbend").[1] At the conclusion of the hearing, the Court took the matter under advisement.

### I. Findings of Fact

On July 6, 2012, Torrance T. Green ("Debtor") purchased a condominium in The Riverbend Condominiums located at 248 Cherokee Street, No. 35C, New Orleans, LA ("the Condo") for $155,000.00. The Condo is subject to a Declaration Creating and Establishing Condominium Property and Regime ("Condo Declaration").[2] Also, by operation of Louisiana law, it is subject to the Louisiana Condominium Act.[3] As part of the Condo Declaration, Debtor was responsible for paying monthly assessments to Riverbend.

Debtor failed to pay certain assessments and was sued in the Civil District Court for the Parish of Orleans by Riverbend.

On January 4, 2012, the Civil District Court for the Parish of Orleans rendered a Default Judgment in favor of Riverbend and against Debtor in the amount of $23,303.72 plus the amount

---

[1] Docket no. 71.

[2] Exhibit 2/7/13, Riverbend 1.

[3] La. R.S. 9:1121.101 *et seq.*

of the monthly assessments, late fees, and $1,500.00 attorney's fees ("the Judgment"). The Judgment also recognized Riverbend's lien against the Condo.

On June 6, 2012, Debtor filed a voluntary petition for bankruptcy relief under chapter 13 of the United States Bankruptcy Code.

Debtor filed a Motion to Avoid Riverbend's Lien,[4] which was heard by this Court on February 7, 2013. Riverbend filed an Opposition to the Motion alleging that (1) it's rights arose from the Condo Declaration which was consented to by Debtor when he purchased the Condo; (2) the Condo Declaration authorizes the filing of a lien for delinquent assessments and provides that the lien is superior to all other liens except prior recorded liens, property taxes, and governmental assessments; and (3) because Debtor did not file a Declaration of Homestead in the public records, Riverbend's lien was superior to the homestead exemption.[5] At the hearing, Riverbend argued that its lien was superior to the homestead exemption. Riverbend did not raise at the hearing its written argument that its lien could not be bifurcated because it was a consensual lien on Debtor's primary residence, so this argument was not discussed at the February 7, 2013, hearing.

After hearing testimony and admitting evidence, the Court valued the Condo at $85,000.00. The Court also found that Debtor did not affirmatively waive the homestead exemption as required by Louisiana law,[6] so the homestead exemption was applicable. The Court orally granted Debtor's motion in part ruling that Riverbend was allowed a secured claim in the amount of $7,279.95 for

---

[4] Docket no. 36.

[5] Exhibit 2/7/13, Riverbend 1, section X.7.

[6] La. R.S. 47:1711 provides that waiver of the homestead exemption must be in writing and recorded.

2

prepetition debt, and the rest of its claim was unsecured.[7] The Court also ordered that within fourteen (14) days Debtor tender $1,506.80 to Riverbend for postpetition charges and that an ACH[8] direct debit be set up for future charges.

Prior to entry of a written order, Riverbend filed a Motion of New Trial alleging that its claim could not be bifurcated into secured and unsecured portions because it is a consensual lien on Debtor's principal residence. Even though no written order was entered on the Motion to Avoid Lien, just as with a Notice of Appeal filed prior to entry of a written order, the Court will treat the Motion for New Trial as timely filed.[9]

**II. Law and Analysis**

Riverbend filed its Motion for New Trial within five (5) days of the February 7, 2013, hearing. Therefore, even though no written order was entered on the Motion to Avoid Lien, the Court will apply FRBP 9023, which makes applicable FRCP 59 and applies to Motions for New Trial filed within fourteen (14) days of a court order. Therefore, the Motion for New Trial was timely filed.

FRCP 59 provides that the court may grant a new trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Because failure to discuss Riverbend's argument against bifurcation was an oversight, the Court will grant the Motion for New Trial to consider that argument.

The Bankruptcy Code defines three (3) types of liens: 1) "statutory lien," 2) "judicial lien," and 3) "security interest."

---

[7] Docket no. 68.

[8] Automated Clearing House.

[9] *See,* FRBP 8002(a).

3

> The term "statutory lien" means lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute.[10]

> The term "judicial lien" means charge against or interest in property to secure payment of a debt or performance of an obligation.[11]

> The term "security interest" means lien created by an agreement.[12]

Riverbend contends that it has a security interest that cannot be modified.

> Section 1322(b)(2) provides that a plan may:

> [M]odify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

This anti-modification provision applies to security interests on a principal residence that were "bargained for" or consensual.[13] It is undisputed that the Condo is Debtor's principal residence. Thus, if Riverbend's lien is a consensual security interest, it cannot be bifurcated. Whether a condominium association's lien is statutory or a consensual security interest is a matter of first impression under Louisiana law. The Condo Declaration includes a declaration that the immovable property described, including the Condo, is part of the "Condominium Property Regime established by the Condominium Act of the State of Louisiana, LSA R.S. 9:1121.101 et seq."

---

[10] 11 U.S.C. § 101(53).

[11] *Id.* at § 101(36).

[12] *Id.* at § 101(50).

[13] *Nobelman v. American Sav. Bank*, 508 U.S. 324, 329-330, 113 S.Ct. 2106, 2110 (1993).

4

Therefore, the Condo is subject to the Louisiana Condominium Act.[14]

The Louisiana Condominium Act provides:

The association *shall* have a privilege on a condominium parcel for all unpaid or accelerated sums assessed by the association and interest thereon at the rate provided in the condominium declaration or, in the absence thereof, at the legal interest rate. This privilege shall also secure reasonable attorney fees incurred by the association incident to the collection of the assessment or enforcement of the privilege.[15]

The Condo Declaration includes a provision similar provision.[16] However, it was not necessary for it to be included in the Condo Declaration for the privilege to apply. La. R.S. 9:1122.105 lists the items that must be included in a condominium declaration, but privilege for delinquent assessments is absent.

The few cases which label condominium liens as either statutory or consensual security interests differ. *In re Robinson* held that "the Associations lien is a security interest agreed to by the parties and provided for by statute."[17] The court provides no reason for its decision to treat the lien as a consensual security interest.

*In re Stern*[18] held that a condominium association's lien was statutory, but the court did not discuss whether the lien provision was also in the condominium declaration or by-laws.

In *In re Phillippy,*[19] the court found the condominium association's lien to be a consensual

---

[14] La. R.S. 9:1121.101.

[15] La. R.S. 9:1123.115 (emphasis added).

[16] Exhibit 2/7/13, Riverbend 1, section X.7.

[17] *In re Robinson*, 231 B.R. 30, n.1 (Bankr.D.N.J. 1997).

[18] *Stern v. Munroe, et al (In re Stern)*, 44 B.R. 15 (Bankr.Mass. 1984).

[19] *Phillippy v. Corkscrew Woodlands Assoc. (In re Phillippy)*, 178 B.R. 67, 70 (Bankr.M.D.Pa. 1994).

5

security interest because the associations Declaration of Covenants provided, "Each Member expressly covenants by acceptance of the deed that liens may be placed against the Unit."

*In re Bland*[20] held that the condominium association lien was a consensual security interest that was either expressly or impliedly agreed to by the debtor.

*In re Young*[21] held that although the condominium declaration provided for a lien, the lien was created by the statute, and the lien could not be both a statutory and a consensual security interest. The *Young* court focused on classification of a lien being dependent on how it arises.

"Because of their very nature and function, security devices should be strictly construed."[22] "Security interests" are "liens *created* by an agreement." Although Debtor purchased the Condo subject to the Condo Declaration, there is no evidence of express agreement. For example, for a lender to take a mortgage on immovable property, the mortgagor's signature is required.[23]

The Condo Declaration is not a "bargained for" agreement such as was contemplated in *Nobelman*. A condominium association's privilege is a statutory lien as it takes place by operation of law and is automatic for properties subject to the Louisiana Condominium Act such as the Condo.[24] Therefore, Riverbend's lien is statutory and not a consensual security interest. As such,

---

[20] *In re Bland*, 91 B.R. 421 (Bankr.N.D.Ohio 1988).

[21] *Young v. 1200 Buena Vista Condominiums, et al (In re Young)*, 477 B.R. 594 (W.D.Penn. 2012).

[22] *Durham v. First Guaranty Bank of Hammond*, 331 So.2d 563, 565 (La. App. 1 Cir. 1976), writ denied, 334 So.2d 431 (La. 1976).

[23] La. C.C. art. 3288.

[24] The Court notes that "judicial action taken to enforce a lien does not transform a statutory lien into a judicial lien." *In re Wiltcher*, 204 B.R. 488, 491 (Bankr.S.D.Miss. 1996) (citations omitted). Also, "[t]he requirement of a judicial action to enforce the lien and establish its particular priority does not transform its essential character to a judicial lien." *In re Stern*, 44 B.R. 15, 18 (Bankr.Mass. 1984). Therefore, the entry of the Default Judgment does not change

Riverbend's lien may be modified by bifurcating the lien into secured and unsecured portions based on the value of the Condo. Accordingly, the Motion for New Trial is granted. However, after consideration of the pleadings filed, the arguments of counsel, the evidence admitted, the record in the case, and the applicable law, the Court's decision stands.

### III. Conclusion

The value of the Condo is $85,000.00. Debtor did not affirmatively waive the homestead exemption as required by Louisiana law,[25] so the $35,000.00 homestead exemption is applicable. Wells Fargo Bank, N.A. has a first mortgage on the Condo in the amount of $42,720.05. Therefore, Riverbend is undersecured, and its claim will be divided into secured and unsecured portions. Riverbend has an allowed secured claim in the amount of $7,279.95 for prepetition debt, and the rest of its claim is unsecured. Within fourteen (14) days Debtor shall tender $1,506.80 to Riverbend for postpetition charges, and an ACH[26] direct debit shall be set up for future charges. A separate Order will be entered in accord with these Reasons.

New Orleans, Louisiana, June 13, 2013.



Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

---

the nature of the lien.

[25] La. R.S. 47:1711 provides that waiver of the homestead exemption must be in writing and recorded.

[26] Automated Clearing House.